## Commonwealth v. Calon

*Marshall B. DeForrest*, District Attorney, for Commonwealth.

*Morris M. Terrizzi*, for defendant.

HIMES, P. J., November 25, 1958.—Defendant, having been charged with reckless driving, waived a hearing before the justice of the peace. On October 29, 1958, a hearing was held in this court and evidence on behalf of the Commonwealth and defendant was heard.

The conclusion is inescapable that defendant violated the specific section of The Vehicle Code of May 1, 1929, P. L. 905, which establishes the permissible maximum speed limit. However, the mere fact that a specific section of the code has been violated does not limit the Commonwealth to a prosecution thereunder. Where, under the surrounding circumstances, defendant's driving establishes culpable negligence, he may be convicted of reckless driving, and it is no defense that his reckless driving also constituted a violation of some specific section of the code: Commonwealth v. Evelyn, 184 Superior Ct. 514.

At the same time, it should be remembered that exceeding the speed limit is not per se reckless driving. See opinion of President Judge Snyder in Demarest License, 5 D. & C. 2d 197, 207. Further, the scope of the decision in Commonwealth v. Evelyn cannot be stretched and expanded to justify the conclusion that, when the Commonwealth is unable to present the proof required by the legislature in order to secure a conviction for speeding, it may circumvent the legislative mandate by electing to charge reckless driving. The Commonwealth's testimony indicates that this is what occurred in this case:

"Q. Officer, how far would you say you followed Mr. Calon and clocked his speed?

"A. I didn't clock him.

"Q. You didn't clock him?

"A. If I would have clocked him I would have arrested him for speeding."

The Commonwealth's evidence establishes that defendant was operating his motor vehicle at 2:30 p.m. in the afternoon of August 2, 1958, that the weather was clear, that the road was dry and that at no time was defendant operating his vehicle on a highway less than three lanes in width, and a part of the time it was a four-lane highway. There was no accident.

The State policeman, who was the only witness to testify for the Commonwealth, stated as follows:

"Q. And during that time did you observe anything that Mr. Calon did, other than this alleged speeding which you say fluctuated and the passing of the two vehicles in the no passing zone?

"A. No, nothing else."

The officer testified that traffic was heavy. On cross-examination, he said that he did not observe any traffic proceeding in a westerly direction, and he estimated that defendant passed "eight or ten cars, trucks" over a distance conservatively estimated at five miles. The testimony of the State policeman and that of defendant, who had been a member of the Pennsylvania State Police for 15 years, was in sharp conflict as to the rate of speed at which defendant was driving. The Commonwealth's witness testified that defendant's vehicle "went skidding to a stop". Defendant denied that his vehicle skidded. The Commonwealth's evidence discloses that Officer Kuhn was standing on the highway and motioned defendant to stop. He was in a position to know whether defendant's vehicle skidded, yet he did not testify. If there had been skid marks, they must have been on the highway in front of the State Police Barracks, yet no testimony was presented to establish the presence of skid marks on the highway.

Where a party fails to produce evidence which is within his control which would naturally be to his

interest to produce, without satisfactory explanation for such omission, the jury or fact-finder may draw an inference that it would have been unfavorable to him: 1 Henry, Pennsylvania Evidence 93, §53.

The evidence of the Commonwealth would justify the conclusion that on an almost straight stretch of highway defendant passed two cars in a no passing zone, but there is nothing to establish that defendant's view ahead was impeded, or that any person or property was thereby endangered. The court is satisfied that defendant exceeded the speed limit, but not that he was guilty of the culpable negligence necessary to support a conviction of reckless driving.

### Decree

Now, November 25, 1958, Stephen Calon, defendant, is found and adjudged not guilty of the offense of reckless driving. Costs to be paid by the County of Huntingdon.